UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL BURNETT,                )
                                )
            Plaintiff,          )   Case No.: 2:08-cv-01335-GMN-RJJ
    vs.                         )
                                )   **ORDER**
TUFGUY PRODUCTIONS, INC., et al.,)
                                )
            Defendants.         )
                                )

Pending before the Court are the Motion for Attorney's Fees (ECF No. 114) filed by Tufguy Productions, Inc.; Ultimate Fighting Productions, LLC; and Zuffa, Inc. (collectively, "Defendants") and the Motion for Release of Bond Obligation (ECF No. 109) filed by Plaintiff. Plaintiff filed a Response (ECF No. 116) to Defendants' Motion, to which Defendants filed a Reply (ECF No. 117). Defendants filed a Response (ECF No. 110) to Plaintiff's Motion, but Plaintiff failed to file a Reply. Having considered these filings, the Court will grant Defendants' Motion for Attorney's Fees and will grant Plaintiff's Motion for Release of Bond Obligation in part and deny it in part.

**I.      BACKGROUND**

This lawsuit arose out of a spinal injury sustained by Plaintiff during an "ultimate fighting" television show. Plaintiff brought a negligence cause of action against Defendants and breach of contract and covenant of good faith and fair dealing claims against a fourth Defendant--National Union Fire Insurance Company of Pittsburgh ("NUFIC"). Plaintiff settled its claims with NUFIC, (*see* ECF No. 98), but the Court granted summary judgment to Defendants on the negligence cause of action against them, finding that Plaintiff had waived his ability to bring negligence claims against Defendants (*see* Order, ECF No. 107). Defendants

now seek contractual attorney's fees.

## II. DISCUSSION

### A. Defendants are Entitled to Attorney's Fees

A district court exercising diversity jurisdiction, as is the situation here, applies state law to determine whether an award of attorney's fees is permitted. *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 947 (9th Cir. 2009). In Nevada, a court "cannot award attorney fees unless authorized by statute, rule, or contract." *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 197 P.3d 1051, 1059 (Nev. 2008). Here, all three Defendants are entitled to attorney's fees based on the contracts they entered into with Plaintiff.

Prior to participating in the television program, Plaintiff executed an "Exclusive Promotional and Ancillary Rights Agreement" with Defendant Zuffa, LLC that governed the two parties' relationship with regard to the "ultimate fighting" program and any disputes that arose from it. Article XXVII, paragraph 28.4 of that agreement provides:

> In the event either party engages counsel in connection with the enforcement or interpretation of this Agreement or any provision hereof or the resolution of any dispute arising from or related to this Agreement, the prevailing party shall be entitled to recover from the other party its attorney's fees and costs, regardless of whether or not an action is filed.

(Ex. 1, Mot., ECF No. 114.) Here, Plaintiff retained counsel and sued Defendant Zuffa, LLC for the injuries he sustained while participating in the ultimate fighting program, even though "the Zuffa Agreement was clearly intended to release Zuffa and affiliated entities from liability arising out of injuries," (Order 5:19-20, ECF No. 107). Defendant Zuffa, LLC prevailed in the lawsuit, as summary judgment was entered in its favor, and is now consequently entitled to attorney's fees under Article XXVII, paragraph 28.4 of its agreement with Plaintiff.

Similarly, Plaintiff entered into an Ultimate Fighter Applicant Agreement with Defendants Tufguy Productions, Inc. and Ultimate Fighter Productions, LLC prior to sustaining

the complained-about injuries. Paragraph 31 of that Agreement states:

> [Plaintiff] and other Releasing Parties irrevocably agree to defend, indemnify and hold harmless each of the Released Parties from and against any and all claims by whomever asserted arising out of or in connection with (a) any breach or alleged breach of any agreement, covenant, representation, warranty made by me in this Agreement or (b) my preparation for, participation and appearance in or elimination form [sic] the Series or the activities associated with the Series, including without limitation any injury, illness, damage, loss harm or death I may suffer from and any statement, action or omission of mine during or in connection with the Series.

(Ex. 2, Mot., ECF No. 114.) Defendants Tufguy Productions, Inc. and Ultimate Fighter Productions, LLC are identified as the "Producers" at the beginning of the Agreement, which are, in turn, listed among the "Released Parties" in paragraph 27 of the Agreement. (*Id.*)

Plaintiff also entered into a third contract--the "Ultimate Fighter" Waiver and Release, Assumption of the Risk, and Indemnity Agreement--in which he agreed to indemnify Defendants for any court costs and attorney's fees they might incur due to any causes of action brought by Plaintiff related to the ultimate fighter program. Specifically, paragraph 7 of that contract provides:

> RELEASING PARTY HEREBY AGREES TO INDEMNIFY AND SAVE AND HOLD HARMLESS THE RELEASEES and each of them FROM ALL OF THE LIABILITY AND ANY LOSSES, DAMAGES, INJURIES, DEBTS, LIABLITIES, EXPENSE (including court costs and attorneys fees), JUDGMENTS, OR COSTS they may incur due to claims, demands, damages or causes of action of any kind brought by the RELEASING PARTY, or anyone on behalf of the RELEASING PARTY, against the RELEASEES on account of any injury, including but not limited to, death or damage to property, caused or alleged to be caused in whole or in part by the NEGLIGENCE of the RELEASEES or otherwise arising from or related in any way to the EVENTS and/or his presence in or upon the premises or facilities where the EVENTS are or will be taking place.

(Ex. 3, Mot., ECF No. 114.)  Defendants were among the "RELEASEES" described in the Agreement, and the term "EVENTS" referred to all of the events and training related Plaintiff's participation in the ultimate fighter television program. (*See* Ex. 3, Mot., ECF No. 114.)  As such, Defendants are entitled to contractual attorney's fees incurred as a result of Plaintiff's lawsuit against them.

Plaintiff does not respond to Defendants' contention that attorney's fees are available under the contracts entered into between Plaintiff and Defendants.  Rather, the entirety of Plaintiff's argument as to why attorney's fees should not be awarded is:

> Plaintiff believes that the lawsuit was filed again [sic] Tufguy, et al. was filed in good faith.  Tufguy, et al. was in privity of contract with National Union Fire Insurance Company and were a necessary party to reach the underlying health insurance contract.  As to the negligence claim against Tufguy, et al. we believe that Plaintiff has exhausted all his administrative remedies per the contract and that litigation was the only means available to him to seek redress for his injuries.

(Ex. 1, Resp., ECF No. 116.)  This appears to be addressing whether attorney's fees should be awarded pursuant to Nev. Rev. Stat. § 18.010, which provides for fees where the court finds that a lawsuit was "brought or maintained without reasonable ground or to harass the prevailing party."  However, such an argument is wholly irrelevant here. Defendants do not request attorney's fees under Nev. Rev. Stat. § 18.010; they only request them under the provisions of the contracts signed by Plaintiff that clearly entitle Defendants to attorney's fees.

Because Plaintiff has failed to address the substance of Defendants' Motion and because the Court finds that the contracts provide for attorney's fees, reasonable fees can be awarded to Defendants.

**B.     The Attorney's Fees Requested by Defendants are Reasonable**

The calculation of reasonable attorney's fees is normally a two-step process.  First, the Court computes the "lodestar" figure, which requires that the Court multiply the reasonable

hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted).  This lodestar amount is presumptively reasonable. *See Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  Defendants were represented by the same law firms during the course of this litigation--first, Campbell, Volk & Lauter and, later, William P. Volk, LLC--and request that their attorney's fees be calculated together; therefore, only one lodestar amount needs to be calculated.

    *1. Step One*

     a. <u>Reasonable Hourly Rate</u>

It is customary for attorneys to bill an hourly rate for legal services.  In this case, Defendants were charged $140.00 per hour by the law firm partners who worked on their case, $125.00 per hour by the associates who worked on the case, and $65 per hour by the paralegals.  The Court finds that these are very reasonable fees for a federal case in Las Vegas, Nevada.  In fact, $140.00 per hour appears to be the lowest rate charged for work done by partners at William P. Volk, LLC. (*See* Mot. 15:11-14, ECF No. 114.)  In other cases, they charge as much as $350.00 per hour. (*See id.* at 15:7-8.)

     b. <u>Hours Reasonably Expended</u>

Exhibits 4 and 5 to Defendants' Motion for Attorney's Fees contain itemized lists of the hours that attorneys and paralegals at Campbell, Volk & Lauter and, later, William P. Volk, LLC spent working on Defendants' case during the course of over two years of litigation.  The Court is familiar with the papers Defendants filed in this case and finds that these hours, and the resulting lodestar amount, are reasonable.  Although the 413 hours expended by Defendants' counsel on this case may seem high at first blush, these hours are reasonable in light of the 113 docket entries that were present in this case prior to the filing of Defendants' Motion for attorney's Fees.  These entries represent a fully-briefed Motion to Dismiss, a fully-briefed

Motion for Summary Judgment, and a number of hearings that occurred during the pendency of this case, all of which would have reasonably taken a large amount of time to draft and/or prepare for. Consequently, the Court finds these hours to be reasonable and calculates the lodestar amount to be $52,996.00, (*see* Mot. 3:6-9, ECF No. 114).

### 2. Step Two

If the circumstances warrant it, the Court may adjust the lodestar amount to account for other factors that are not subsumed within it. *Camacho*, 523 F.3d at 978. Courts often look to the *Kerr* factors to determine whether to increase or decrease the lodestar amount; indeed, the *Kerr* factors are incorporated in their entirety into Local Rule of Civil Practice 54-16. The *Kerr* factors are: (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case, if any; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Having considered all of those factors, the Court concludes that none of them warrant a revision of Defendants' fee application. In light of this conclusion and the fact that Plaintiff has failed to oppose the reasonableness of the fees requested by Defendants, the Court will award Defendants $52,996.00 in attorney's fees.

**C.   Only $500 of Plaintiff's Bond Will Be Released at this Time**

Plaintiff's Motion for Release of Bond Obligation (ECF No. 109) seeks the release of the security bonds that he was ordered to deposit with the Court pursuant to Nev. Rev. Stat. 18.130. The Court hereby orders that the $500.00 security bond submitted with regard to Defendant

NUFIC be released, as Plaintiff has settled with NUFIC and no award of costs or fees with respect to that Defendant has been made by this Court.

However, it is not yet appropriate to release the remaining $1,500.00 that was submitted as security bonds with respect the other three Defendants. The purpose of security bonds under Nev. Rev. Stat. 18.130 is to "secure future costs that the defendant may incur if the plaintiff is allowed to proceed" in the event that the defendant prevails in the proceeding. *Simulnet East Associates v. Ramada Hotel Operating*, 37 F.3d 573, 575 (9th Cir. 1994). It is therefore inappropriate to release the bond with respect to these three Defendants until their $3,870.00 in costs, which have been taxed against Plaintiff, (*see* Costs Taxed, ECF No. 115), are paid. Plaintiff may resubmit its Motion upon proof that those costs have been paid.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees (ECF No. 114) is **GRANTED**. They are awarded the $52,996.00 in attorney's fees requested therein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Release of Bond Obligation (ECF No. 109) is **GRANTED in part** and **DENIED without prejudice, in part**. $500.00 of Plaintiff's bond obligation shall be released to Plaintiff by the Clerk's Office.

DATED this 7th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge